JONES et al. v. DAVIS et al.

(Circuit Court of Appeals, Third Circuit.  May 19, 1905.)

No. 28.

PATENTS—INFRINGEMENT—MINERS' LAMP HOLDER.

The Lattimore patent No. 415,720, for a lantern holder to be attached to miners' caps, claim 1, distinctly and clearly describes the device claimed, which includes a "forwardly projecting top piece" having an eye for the inner end of the lantern hook, and cannot be enlarged by construction. It is not infringed by a device in which the front piece stands out from the front of the cap, and the top piece, having the eye for the lantern hook, projects backwardly.

Appeal from the Circuit Court of the United States for the Middle District of Pennsylvania.

For opinion below, see 133 Fed. 550.

Melville Church, for appellants.

E. Hayward Fairbanks, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge.  Patent No. 415,720, dated November 26, 1889, was granted to Walter A. Lattimore for a lantern-holder. Its first claim which the court below held had been infringed by the appellants, is as follows:

"(1) A lantern-holder consisting of the metallic base-piece, the front-piece and the forwardly-projecting top-piece having an eye for the inner end of the lantern-hook and a slot or socket for the upper part or shank of the lantern-hook."

The meaning of this claim is plain.  It does not require, and therefore it is not open to, interpretation.  It is so explicit that the courts cannot alter or enlarge it.  Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 278, 24 L. Ed. 344.  It is for a lantern-holder for holding lanterns on miners' hats and caps, and it is for nothing else.  It is not for a hat or cap and a lantern-holder; nor is it for any and every lantern-holder, however constructed.  If it were, it would not, in view of the prior art, be possible to sustain it.  It is solely and distinctly for the lantern-holder which it specifically describes as consisting of (1) the metallic base-piece, (2) the front-piece, (3) the forwardly-projecting top-piece having an eye for the inner end of the lantern-hook, and (4) a stop or socket for the upper part or shank of the lantern-hook.  The device of the appellants (which is likewise patented) has the first, and perhaps the last, mentioned of these parts.  It has also a front-piece, but this piece stands out from the front of the cap, and is not designed to be immediately attached to it, as, in the patent in suit, the corresponding piece is shown to be.  This variance, if alone and separately considered, might be regarded as merely formal; but it cannot be so considered, for by excluding any direct connection of their front-piece with the cap, the appellants have been enabled to, and they do, have a backwardly-projecting top-piece, with an eye for the inner end of the

lantern-hook behind the front-piece, instead of the forwardly-projecting top-piece, having its eye in front of the front-piece, which is explicitly specified in the claim under consideration. This difference the terms of the claim make a distinguishing one. We are not at liberty to inquire whether a backwardly, as well as a forwardly, projecting top-piece might have been claimed. The fact is that it was not, and by that fact we are concluded. "When the terms of a claim in a patent are clear and distinct (as they always should be), the patentee, in a suit brought upon the patent, is bound by it." Keystone Bridge Co. v. Phœnix Iron Co., supra. Applying this rule, we are constrained to hold that the learned court below erred in finding that the appellants had infringed the patent in suit, and for that reason the decree is reversed.